NO. 7582. **7582** STATE OF LOUISIANA

MRS GUS L. SALOMON

COURT OF APPEAL

VS

JOSEPH STASSI. PARISH OF ORLEANS.

-------------------------------------------------------------

**7582**

OPINION.

By his Honor John St. Paul.

This is a claim for damages. Plaintiff alleges and testifies that whilst living in premises belonging to defendant and leased by her husband, she had occasion to stoop beneath a gas chandelier, and whilst she stooped the chandelier fell upon her, bruising her and bringing on a miscarriage.

There was no other eye witness to the occurrence.

Her ten year old son testified that he was playing in the yard when he heard his mother cry out, and coming in, he found her lying on the floor with the chandelier beside her.

Her husband testified that when he returned home that evening he found his wife in bed suffering, and called in the family physician; that his wife was then pregnant about two months, and the miscarriage happened that night.

*Both husband and wife testified that they saw nothing the matter with the chandelier before it fell*

The physician testified that when he called, he found the lady in bed with a hemorrage from the uterus; suffering from shock, and having five or six bruises (spots) on the lower part of her back about one half or one inch apart; that about an hour afterwards she aborted a dead foetus of about three months growth.

This was all the evidence for the plaintiff.

For the defendant one Lambert, a plumber of thirty five years experience, testified that at the request of defendant he called for and obtained the chandelier next morning, and identified it as being then in court; that he found it sound, but <u>bent</u> about one ###### foot from the top and <u>broken</u> where the thread (screw) enters the socket; that the chandelier could not have been hanging in that condition without being noticed; that neither the bend nor the break could have occurred without the application of considerable force, such as by a piece of furniture being pressed against the chandelier.

7

One Clairian, an electrician, testified that about six months before the occurrence (and during plaintiff's occupancy of the premises) he wired the house for electricity, and in order to do so had to remove and replace this very chandelier; that it was then sound, unbent and unbroken; that he replaced it properly, and when so replaced it could sustain a thousand pounds without falling.

From the foregoing it is clear that the testimony of the plaintiff and that of Clairian cannot both be true; and the fact that both husband and wife admit that they saw nothing the matter with the chandelier before it fell is corroborative of that given by Clairian; since a bend in the chandelier, by putting it out of plumb, would have been noticeable at once and continiously.

The district judge, who heard the witnesses, did not accept plaintiff's version, and we cannot say that he erred. *(See 174 N. Y. Supplement 855)*

Judgment Affirmed.